CASE 53—PETITION ORDINARY—SEPTEMBER 16.

## Proctor vs. Fombelle.

APPEAL FROM UNION CIRCUIT COURT.

1. An agreement to pay for procuring a substitute, and thereby an exoneration from an impending draft, imposes a legal obligation to pay the promised remuneration.
2. It was not inconsistent with public policy to hire a substitute for another at his request.

GEORGE HUSTON,                                   For Appellant,

CITED—

3 *Metcalfe*, 80 ; *Hutcheson vs. Blakemore.*

HUGHES & LOCKETT,                               For Appellee,

Proctor vs. Fombelle.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

By procuring a substitute for the appellant, the appellee seems to have executed, promptly and fully, the trust confided to him by the appellant, who was thereby exonerated for three years from the impending draft into the federal army, and having, by an irrevocable act of substitution, received all the benefit which he sought, and could expect or desire, he was both legally and morally bound to pay the appellee seven hundred and fifty dollars as the promised remuneration.

The claim by the appellee of eight hundred dollars, as the cost of obtaining the appellant's exemption, did not exonerate the appellant from his promise to pay seven hundred and fifty dollars on that condition; and the appellee having, by this action, demanded no more, is clearly entitled to that much, as adjudged by the circuit court.

We perceive no error in admitting evidence, nor in giving or withholding instructions; nor can we perceive anything inconsistent with public policy in hiring a substitute for another, at his request.

Wherefore, the judgment is affirmed.